1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY L. ROBNETT, | CASE NO. CV F 12-1924 LJO GSA |
| Plaintiff, | **ORDER ON F.R.Civ.P. 12 MOTION TO DISMISS DEFENDANTS GATTIE AND DEVINS** |
| vs. | (Doc. 10) |
| COUNTY OF FRESNO, et al., | |
| Defendant. | |
| _____/ | |

## PRELIMINARY STATEMENT TO THE PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. This Court cannot address all arguments, evidence and matters raised by parties and addresses only the arguments, evidence and matters necessary to reach the decision in this order given the shortage of district judges and staff. The parties and counsel are encouraged to contact the offices of United States Senators Diane Feinstein and Barbara Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to consider, and if necessary, to reconsider consent to a U.S. Magistrate Judge to conduct all further proceedings in that the Magistrate Judges' availability is far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill who must prioritize criminal and older civil cases. A Magistrate Judge consent form is available on this Court's website.

1

1   Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension

2   mid-trial to accommodate criminal matters.  Civil trials are no longer reset to a later date if Judge O'Neill

3   is unavailable on the original date set for trial.  Moreover, this Court's Fresno Division randomly and

4   without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as

5   visiting judges.  In the absence of Magistrate Judge consent, this action is subject to reassignment to a

6   U.S. District Judge from outside the Eastern District of California.

7   **INTRODUCTION**

8   Defendants County of Fresno ("County") and two County Sheriff's Department ("Department")

9   supervisors[1] seek to dismiss plaintiff Sheriff's Deputy Jimmy Robnett's ("Deputy Robnett's") claims

10  under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§

11  4301, et al., in absence of a private action against individual supervisors.  Mr. Robnett responds that

12  USERRA empowers him to sue Assistant Sheriff Gattie and Sgt. Devins as individual supervisors of a

13  state political subdivision, such as the County.  This Court considered defendants F.R.Civ.P. 12(b)(6)

14  motion to dismiss on the record and VACATES the March 19, 2013 hearing.  For the reasons discussed

15  below, this Court DENIES dismissal of USERRA claims against Assistant Sheriff Gattie and Sgt.

16  Devins.

17  **BACKGROUND**[2]

18  **Deputy Robnett's Department Employment And Military Service**

19  In 1998, the Department permanently hired Deputy Robnett.  In May 2009, Deputy Robnett

20  enlisted in the U.S. Coast Guard and was deployed overseas for active duty in October 2009.

21  Prior to his deployment, Deputy Robnett worked for the Department in the Fresno Metro Area

22  as a field patrol training officer and acting sergeant as needed.  He was also a hazardous device

23  technician on the Department's Explosive Ordinance Disposal ("EOD") team.

24  In September 2010, Deputy Robnett was released from military duty and returned to work at the

25

26  [1]   In addition to the County, Deputy Robnett's operative Complaint for Damages and Injunctive Relief
    ("complaint") names as defendants Department Assistant Sheriff Thomas Gattie ("Assistant Sheriff Gattie") and Department
27  Sergeant Francis Devins ("Sgt. Devins").

28  [2]   The factual recitation is derived generally from Deputy Robnett's complaint.

1   Department in November 2010, after a brief personal leave.  The Department placed Deputy Robnett

2   in the "return to patrol program," which he was told he needed to complete prior to participating on the

3   EOD team.  Deputy Robnett was neither re-employed nor permitted to participate as an EOD technician.

4   Deputy Robnett was assigned to the Selma Area, removed from field training, and precluded from EOD

5   activities and acting sergeant duties.

6        Unlike other EOD team members, Deputy Robnett was required to demonstrate ability to

7   function in the EOD suit and was the only person who was required to do so upon return from military

8   service.

9        In June 2011, Assistant Sheriff Gattie commented on Deputy Robnett's "extracurricular

10  activities" and delay to return to the Department from active duty.  Sgt. Devins told Deputy Robnett that

11  he should ask for neither supervisory training nor reinstatement to the EOD team and made offensive

12  military and post traumatic stress disorder comments.

13  **Deputy Robnett's Claims**

14       The complaint alleges that Deputy Robnett has not been treated as a Deputy IV, his rank prior

15  to military deployment, and has been subjected "to unnecessary scrutiny, received less favorable

16  performance evaluations tha[n] prior to his deployment, and has been damaged in his promotional and

17  other law enforcement opportunities."  The complaint's (first) USERRA claim alleges that "Defendants

18  . . . discriminated and retaliated against Plaintiff in violation of USERRA."

19  **DISCUSSION**

20  **F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards**

21       Assistant Sheriff Gattie and Sgt. Devins seek to dismiss the USERRA claim against them in the

22  absence of a private right of action against supervisors.  Deputy Robnett responds that since the County

23  does not qualify as a state employer under USERRA, Deputy Robnett may pursue claims against

24  Assistant Sheriff Gattie and Sgt. Devins.

25       "When a federal court reviews the sufficiency of a complaint, before the reception of any

26  evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether

27  a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

28  claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development*

3

*Corp.*, 108 F.3d 246, 249 (9ᵗʰ Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9ᵗʰ Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7ᵗʰ Cir. 1995). A F.R.Civ.P. 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9ᵗʰ Cir. 2001).

In addressing dismissal, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9ᵗʰ Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9ᵗʰ Cir.1986), and must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9ᵗʰ Cir. 2005).

A plaintiff is obliged "to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7ᵗʰ Cir. 1984)).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court

1  explained:

2        . . . a complaint must contain sufficient factual matter, accepted as true, to "state
       a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the
3      plaintiff pleads factual content that allows the court to draw the reasonable inference that
       the defendant is liable for the misconduct alleged. . . . The plausibility standard is not
4      akin to a "probability requirement," but it asks for more than a sheer possibility that a
       defendant has acted unlawfully.  (Citations omitted.)

5

6        After discussing *Iqbal*, the Ninth Circuit summarized: "In sum, for a complaint to survive

7  [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be

8  plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d

9  962, 989 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949).

10       The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

11       First, the tenet that a court must accept as true all of the allegations contained in
       a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of
12     a cause of action, supported by mere conclusory statements, do not suffice. . . . Second,
       only a complaint that states a plausible claim for relief survives a motion to dismiss. . .
13     . Determining whether a complaint states a plausible claim for relief will . . . be a
       context-specific task that requires the reviewing court to draw on its judicial experience
14     and common sense. . . . But where the well-pleaded facts do not permit the court to infer
       more than the mere possibility of misconduct, the complaint has alleged – but it has not
15     "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

16       In keeping with these principles a court considering a motion to dismiss can
       choose to begin by identifying pleadings that, because they are no more than conclusions,
17     are not entitled to the assumption of truth. While legal conclusions can provide the
       framework of a complaint, they must be supported by factual allegations. When there are
18     well-pleaded factual allegations, a court should assume their veracity and then determine
       whether they plausibly give rise to an entitlement to relief.

19

20  *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-1950.

21       With standards in mind, this Court turns to Assistant Sheriff Gattie and Sgt. Devins' challenges

22  to the USERRA claim against them.

23                          **Individual USERRA Liability**

24       Assistant Sheriff Gattie and Sgt. Devins contend that "USERRA does not create a cause of action

25  against individual state supervisors."  Mr. Robnett argues that USERRA permits his claims against

26  Assistant Sheriff Gattie and Sgt. Devins as County supervisors and that Assistant Sheriff Gattie and Sgt.

27  Devins wrongly equate the County as a state employer.

28       USERRA forbids employment discrimination on the basis of membership in the armed forces.

*Townsend v. University of Alaska*, 543 F.3d 478, 482 (9th Cir. 2008) (citing 38 U.S.C. §§ 4301(a)(3), 4311(a)).  USERRA authorizes private suits for damages or injunctive relief against the employer, including a state employer. *Townsend*, 543 F.3d at 482 (citing 38 U.S.C. §§ 4303(4)(A)(iii), 4323(a)(2), (b)(2), (d)(3)).

USERRA creates an individual's action "against a State (as an employer)" brought in state court and "an action brought against a private employer" in federal court.  *Townsend*, 543 F.3d at 486.  An USERRA claim arises against "a State (as an employer)," and "[i]ndividual supervisors are not included in the definition of 'State.'" *Townsend*, 543 F.3d at 486.  USERRA "does not create a cause of action against individual state employees even if they exercise supervisory responsibility. Thus, an action under USERRA is available only against the State 'as an employer,' and not in some other capacity." *Townsend*, 543 F.3d at 486.

Moreover, "Congress manifested no intent to create a private right of action against state supervisors. Indeed, by designing such a detailed express remedial scheme, Congress evinced an intent not to create an additional individual cause of action against state supervisors." *Townsend*, 543 F.3d at 487.  "Thus, the structure of USERRA and its legislative history make plain that Congress did not intend to create a cause of action against state supervisors." *Townsend*, 543 F.3d at 487.  "USERRA does not create a direct or implied right of action against a supervisor who does not constitute an 'employer'" under USERRA.  *Rimando v. Alum Rock Union Elementary School Dist.*, 356 Fed.Appx. 989, 991 (9th Cir. 2009).

Assistant Sheriff Gattie and Sgt. Devins fault the complaint's attempt to sue them individually for USERRA violations given that they served as supervisors and further fault the absence of their individual liability under USERRA.  Assistant Sheriff Gattie and Sgt. Devins encourage this Court to apply *Townsend*'s rationale.

Deputy Robnett responds that he brings his claims against Assistant Sheriff Gattie and Sgt. Devins under 38 U.S.C. § 4323(b)(3), which authorizes "an action against a private employer" in federal court.  USERRA defines "private employer" to include "a political subdivision of a State."  A county is a political subdivision of the State of California.  *See* Cal. Gov. Code, § 8557(b).  Deputy Robnett further explains that USERRA permits claims against individual County employees in that 38 U.S.C.

6

1   § 4303(4)(A)(i) includes as an employer "a person . . . to whom the employer has delegated the

2   performance of employment-related responsibilities."

3        Deputy Robnett challenges Assistant Sheriff Gattie and Sgt. Devins' reliance on *Townsend* which

4   addressed a USERRA claim against a state employer, the University of Alaska, to preclude claims

5   against individual state supervisors.  *See Townsend*, 543 F.3d at 486.  Deputy Robnett explains that his

6   claims proceed against a "private" employer, which USERRA defines in include political subdivisions

7   and in turn the County.

8        Deputy Robnett is correct that supervisors of a political subdivision, such as the County, may be

9   employers under USERRA.  38 U.S.C. § 4324(b)(2) authorizes this action in this Court against Assistant

10  Sheriff Gattie and Sgt. Devins given their "performance of employment-related responsibilities."  This

11  Court questions the grounds and motivation of Assistant Sheriff Gattie and Sgt. Devins to bring this

12  motion given the plain reading of USERRA.

13       In their reply papers, Assistant Sheriff Gattie and Sgt. Devins raise for the first time a challenge

14  to the complaint's allegations of their "employment related responsibilities."  This Court will not

15  entertain such challenge raised for the first time in reply papers.  "Reply papers should be limited to

16  matters raised in the opposition papers.  It is improper for the moving party to 'shift gears' and introduce

17  new facts or different legal arguments in the reply brief than presented in the moving papers."  *Clark v.*

18  *County of Tulare*, 755 F.Supp.2d 1075, 1090 (E.D. Cal. 2010).  "Parties cannot raise a new issue for the

19  first time in their reply brief."  *State of Nev. v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990).

20  "Arguments not raised by a party in its opening brief are deemed waived."  *U.S. v. Romm*, 455 F.3d 990,

21  997 (9th Cir. 2006).  A "district court need not consider arguments raised for the first time in a reply

22  brief."  *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

23                                  **CONCLUSION AND ORDER**

24       For the reasons discussed above, this Court:

25       1.      DENIES dismissal of the complaint's USERRA claims against Assistant Sheriff Gattie

26               and Sgt. Devins; and

27       2.      ORDERS the County, Assistant Sheriff Gattie and Sgt. Devins, no later than March 28,

28  / / /

1    2013, to file a F.R.Civ.P. 7(a)(2) answer to the complaint.

2        IT IS SO ORDERED.

3    **Dated:**    **March 13, 2013**            **/s/  Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE

8